IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL J. POWERS,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**TERRY COLLINS, DIRECTOR, OHIO DEPARTMENT OF REHABILITATION & CORRECTION,** *et al.*<br><br>      **Defendants.** | **Case No. 2:09-cv-501**<br><br>**Judge Peter C. Economus**<br><br>**MEMORANDUM OPINION AND ORDER** |

On August 6, 2010, Defendants filed a motion for summary judgment. (Dkt. 33.) In a Report and Recommendation dated September 27, 2010, the Magistrate Judge recommended that the motion be granted. (Dkt. 52.) On November 2, 2010, Plaintiff Michael J. Powers filed objections to the Report and Recommendation. (Dkt. 61.) This matter is before the Court on those objections. Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendants' motion for summary judgment (Dkt. 33).

**I.**    **Plaintiff's Objections**

Plaintiff asserts that he stated a substantive and procedural due process claim under Sandin v. Connor, 515 U.S. 472 (1995). Powers maintains that he has shown that the application of the 1998-2007 parole guidelines unexpectedly increased his statutory crimes of conviction and his statutory minimum sentences. He contends that rape charges that had been dismissed in his favor were resurrected under the application of the guidelines. Prior parole guidelines determined parole suitability, and the 1998-2007 guidelines determined parole eligibility.

Plaintiff argues that the lower courts have misinterpreted the holding of Sandin, which he asserts made a distinction between two different types of due process challenges. According to Plaintiff, the first due process inquiry concerns whether the sentence has been increased in such an unexpected manner as to give rise to the protections of the Due Process Clause of its own force, and the second inquiry involves conditions of confinement and relies on the atypical and significant hardship standard. Plaintiff asserts that application of the 1998-2007 parole guidelines has unexpectedly increased his minimum sentence. Plaintiff believes that his minimum sentence is entitled to the same due process protections as his maximum sentence. Plaintiff maintains that the Magistrate Judge's reliance on Vitek v. Jones and Washington v. Harper contradicts the text of Sandin.

Plaintiff further asserts that he stated an Ex Post Facto claim regarding the retroactive application of the 1998-2007 parole guidelines. Plaintiff objects to the Magistrate Judge's conclusion that he was assigned to category 10 rather than category 11 because his term of imprisonment exceeded 248 months, which corresponds to category 11. Plaintiff also asserts that the Magistrate Judge incorrectly applied Greenholtz and Jago even though he cited Garner.

Plaintiff contends that the Magistrate Judge failed to consider Ohio Revised Code §§ 5120.60, 5149.10, and 5149.101 *in pari materia*. Plaintiff maintains that these statutes resulted in biased and prejudiced members serving on the parole board. Plaintiff states that he is entitled to an impartial administrative tribunal and that he has adequately met his burden of overcoming the presumption of impartiality. Because Defendants are champions of victims' rights, they are not impartial adjudicators on the parole board. Plaintiff further contends that the members have pecuniary interest in denying parole because their job security depends on it.

**II.    Discussion**

As the Magistrate Judge correctly stated, the Supreme Court has held that a convicted person has no constitutional right to be paroled before the expiration of a valid sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Furthermore, the Sixth Circuit has held that the state of Ohio has created a completely discretionary parole system, with the result that an Ohio inmate has no liberty interest in parole eligibility under Ohio law. Michael v. Ghee, 498 F.3d 372, 378 (6th Cir. 2007). Because Plaintiff has no protected liberty interest in being released on parole prior to the expiration of his sentence, Defendants have not infringed his right to due process. Where no liberty interest is at stake, Plaintiff is not entitled to due process.

With respect to Plaintiff's interpretation of Sandin v. Connor, the Magistrate Judge stated:

> Although the Sandin Court recognized that there could be an extraordinary imposition upon an inmate "exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force", the cases it cited to illustrate this principle indicate that it meant treatment of prisoners outside the ordinary relationship between prison and inmate. It cited Vitek v. Jones, 445 U.S. 480 (1980), in which a state law gave a prison physician the power to, at his discretion, involuntarily commit a prisoner to a mental hospital. Vitek (specifically noting in passing that there is no inherent constitutional right to parole) found a separate liberty interest in a prisoner not being transferred to a mental hospital without a hearing as to whether he suffered from mental illness. Id. at 488–492. The Court also cited Washington v. Harper, 494 U.S. 210 (1990), in which it held that inmates in a state which had set a policy permitting treatment of nonconsenting prisoners with antipsychotic drugs only where they had been found to be mentally ill and dangerous had a liberty interest in avoiding the unwanted administration of drugs. These cases did not address ordinary penological matters such as the length of sentences or eligibility for parole.
>
> Sandin, therefore, did not create a different "first due process inquiry" relating specifically to sentences, but rather recognized an exception in certain circumstances to the general rule that liberty interests are limited to freedom of restraint from conditions creating an atypical and significant hardship. Moreover, the court in Michael did not, contrary to Plaintiff's assertions, determine whether denial of parole represented such conditions. It specifically rejected the

3

>suggestion that this proposed method of analysis was relevant to parole eligibility, rather than the prison conditions addressed in Sandin. It also reiterated the long line of caselaw holding that there is no constitutional right to parole eligibility in a state with a completely discretionary parole system. Michael, 498 F.3d at 377–78, citing Swihart v. Wilkinson, 209 Fed.Appx. 456 (6th Cir. 2006). Plaintiff's claims here that new parole guidelines or victims' rights statutes violate due process likewise fail for lack of a protected constitutional right.

(Dkt. 52 at 9–10.)

The Magistrate Judge properly relied on the Sixth Circuit's decision Foster v. Booker, 595 F.3d 353 (6th Cir. 2010), in which that Court stated:

>To the extent that plaintiffs have shown they face a significant risk of increased punishment under the new parole regime, plaintiffs have not shown that this risk is attributable to statutory changes to the parole process and not to a change in the way the Board legitimately exercises its discretion. The decision whether to grant parole has always been within the Board's discretion. [...]
>
>Despite the fact that the scope of the Board's discretion has remained the same, plaintiffs argue that, in practice, the new Board applied a harsher standard than the old Board when deciding whether to grant parole. However, plaintiffs' contentions do not make out an ex post facto violation.
>
>If the Parole Board decided within its discretion to get tougher, that could hardly amount to an ex post facto violation as long as it was within the Parole Board's discretion to get tougher.

595 F.3d at 362.

The Magistrate Judge properly concluded that it was within the parole board's discretion to determine whether Plaintiff was suitable for parole based on the nature of his crime regardless of what changes were made to the parole guidelines or when he had been sentenced. As the Magistrate Judge stated, simply because Power's period of incarceration is beyond the minimum time served, it does not mean that he was entitled to release on parole. Powers is not entitled to release at the expiration of his minimum sentence, and, as of yet, Powers has not served his maximum sentence. The parole board is not obligated to release him prior to the expiration of his maximum sentence. Plaintiff therefore has not demonstrated that 1998-2007 changes to the

parole guidelines, on their face, show a significant risk of increased incarceration, nor has he come forth with any evidence demonstrating that retroactive application of these statutory provisions have resulted in a longer period of incarceration than the previous rule.

Finally, the Magistrate Judge correctly found that Plaintiff failed to come forth with any evidence demonstrating that retroactive application of Ohio Revised Code §§ 5120.60, 5149.10, and 5149.101 will result in a longer period of incarceration than the previous rule.  See Ridenour v. Collins, 692 F. Supp. 2d 827, 837 (S.D. Oh. 2010); Clumm v. Warden, Chillicothe Corr. Inst., 2008 WL 4346797 (S.D. Oh. Sept. 18, 2008).

### III. Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's objections.  Defendants' motion for summary judgment (Dkt. 33) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment for Defendants.

**IT IS SO ORDERED.**

/s/ Peter C. Economus  -  February 11, 2011
**UNITED STATES DISTRICT JUDGE**