IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL J. POWERS,** | |
| **Plaintiff,** | **Case No. 2:09-cv-501** |
| v. | **Judge Peter C. Economus** |
| **TERRY COLLINS,** *et al.* | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Supplement the Complaint. (Dkt. 49.) Plaintiff sought leave to supplement his complaint to add an allegation that Defendants have implemented a racially discriminatory policy which favors African-American prisoners in granting parole over Caucasians. Defendants assert that the Court should not have allowed Plaintiff to supplement his complaint because (A) allowing a new claim would be prejudicial to Defendants and (B) Plaintiff's new claim would be futile. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

### A. Prejudice to Defendants

Defendants argue that the Court should not have allowed Plaintiff to supplement his complaint at this late stage of the pleadings because allowing an entirely new claim is prejudicial to Defendants. Defendants maintain that they had filed a dispositive motion that was likely to be granted because the Magistrate Judge had issued Report and Recommendations recommending that the Court grant Defendants' summary judgment motions in cases with claims identical to those of Plaintiff. The Court finds that Defendants' belief that they would prevail on their motion for summary judgment is not evidence of substantial prejudice.

**B.     Futility of the New Claim**

Defendants also assert that Plaintiff's proposed claim would be futile. A proposed claim is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Defendants argue that Plaintiff's proposed claim is futile because (1) Plaintiff does not allege membership in a suspect class and (2) Plaintiff does not allege sufficient detail as to similarly situated inmates.

*1.     Membership in a Suspect Class*

Defendants first argue that Plaintiff fails to adequately allege the requisite elements of a cognizable equal protection claim because he does not allege that he was victimized due to his membership in a suspect class. Membership in a suspect class is not necessary, however. *Franks v. Rubitschun*, 312 Fed. Appx. 764, 765 (6th Cir. 2009) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005)) (noting that "[m]embership in a protected class . . . should not be mistaken for a prerequisite" for stating an equal protection claim).

*2.     Allegations of Similarly Situated Inmates*

Defendants also assert that Plaintiff's claim is futile because he fails to allege that the inmates who had been granted parole were similarly situated to him in all respects material to the parole assessment. Plaintiff alleges that "more African-American/Black sex offenders, with the same or even more heinous crimes as compared to Plaintiff[], were being paroled. Some[] were convicted as serial rapists." (Supp. Compl. ¶ 22.) Defendants suggest, and this Court agrees, that these allegations are insufficiently detailed to withstand a motion to dismiss under Rule 12(b)(6). The Sixth Circuit has described the applicable standard as follows:

> [T]he Supreme Court [has] explained that a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions,

> and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . . [H]owever, the Supreme Court [has also] affirmed that [Rule 8] requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. . . . [W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quotations and citations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)). The Court must determine, therefore, whether Plaintiff's allegations regarding similarly situated inmates are sufficient to "raise a right to relief above the speculative level."

Plaintiff's allegations are limited to the statements that such inmates are "African-American/Black sex offenders, with the same or even more heinous crimes as compared to Plaintiff," they "were being paroled," and some "were convicted as serial rapists." (Supp. Compl. ¶ 22.) Thus, aside from the allegation that such inmates were convicted of similar or more "heinous" crimes, Plaintiff does not allege facts showing that such inmates were similarly situated to him in any other respects material to the parole assessment.

Defendants cite *Franks v. Rubitschun*, in which another court in this circuit dismissed a similar equal protection claim because that plaintiff had "not alleged that those inmates who had been granted parole were similarly situated to him 'in all respects that are material to the parole assessment.'" 2010 U.S. Dist. Lexis 31372 at *26 (W.D. Mich. Mar. 31, 2010) (citation omitted). *See also Jackson v. Caruso*, 2011 U.S. Dist. Lexis 44802, *11–12 (W.D. Mich. Apr. 26, 2011) (in which the same court dismissed a case for failure to state a claim where the "[p]laintiff [did] not present any allegations regarding any similarly situated prisoners who were

3

treated differently," but instead "simply allege[d] the existence of other white prisoners who were interviewed or paroled") (citations omitted).

Similarly, in *Thorne v. Chairperson Florida Parole Commission*, the Eleventh Circuit found that an "amended complaint failed to state an equal protection claim because it did not show that [the plaintiff] was treated differently from similarly-situated prisoners." That court found that the plaintiff "did not show that those other prisoners were similar to him in all relevant respects" where he alleged that the other prisoners "had been convicted of murder and . . . had previous parole violations," but did not allege whether they "had been convicted of multiple separate offenses, whether they had an escalating history of criminal conduct, or whether their release might cause an unreasonable risk to others, three factors that the Parole Commission relied upon in [the plaintiff's] case." The court concluded that such "allegations of disparate treatment were not detailed enough to raise his right to relief above a speculative level." *Thorne v. Chairperson Fla. Parole Comm'n*, 2011 U.S. App. Lexis 10620 at *14 (11th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

As in *Franks*, *Jackson*, and *Thorne*, Plaintiff's equal protection claim cannot succeed without allegations showing that he was treated differently than inmates who are similarly situated to him in all material respects. Consequently, the Court finds that Plaintiff's proposed claim would be futile and **GRANTS** Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Supplement the Complaint. (Dkt. 49.)

**IT IS SO ORDERED.**

                          **/s/ Peter C. Economus  -  August 19, 2011**
                          **UNITED STATES DISTRICT JUDGE**